UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
CANTOR FITZGERALD & CO.,           :
                                   :
                Plaintiff,         :
                                   :
        v.                         :    CIVIL INDEX NO.
                                   :
THE REPUBLIC OF ARGENTINA,         :
                                   :
                Defendant.         :
                                   :
```

## COMPLAINT

Plaintiff Cantor Fitzgerald & Co. ("Cantor" or "Plaintiff"), by its undersigned counsel, as and for its Complaint against Defendant Republic of Argentina (the "Republic"), allege as follows:

### NATURE OF THE ACTION

1.      This is a breach of contract action arising from the Republic's failure to make contractually-mandated principal and interest payments on certain bonds held by Plaintiff and issued by the Republic.

2.      This action also seeks specific performance of the Republic's payment obligations pursuant to the equal treatment provisions of the bonds, which provide for equal treatment in terms of rank and priority of payment for holders of bonds with respect to any unsecured and unsubordinated External Indebtedness.

3.      From 2005 to the present, the Republic has engaged in a course of conduct which violates the equal treatment provisions of the bonds. In particular, under color of Law 26,017 passed in 2005 and Law 26,547 passed in 2009, the Republic issued bonds in its 2005 and 2010 Bond Exchanges with payment obligations that rank higher than the bonds held by

Plaintiff. The Republic's issuance of these higher ranking bonds, facilitated by Laws 26,017 and 26,547, and its continuing payment of semi-annual interest to the holders of the bonds issued in the 2005 and 2010 Bond Exchanges, while paying nothing to Plaintiff, violates the equal treatment provisions of the bonds.

4.     In May 2014, the Republic also began issuing bonds bearing ISIN ARARGE03H413 (the "BONAR 2024 Bonds") and has made payments on the BONAR 2024 Bonds while paying nothing to Plaintiff in violation of the equal treatment provisions of the bonds. Plaintiff seeks compensatory damages as well as specific performance of the equal treatment provisions with respect to the 2005 and 2010 Bond Exchanges, the BONAR 2024 Bonds, and all other External Indebtedness.

5.     This action also seeks declaratory and injunctive relief with respect to Plaintiff's acceptance of the Republic's unilateral written settlement offer creating a binding contract with the Republic (the "Settlement Agreements"), and the Republic's subsequently refusal to acknowledge the Settlement Agreements.

### THE PARTIES

6.     Plaintiff Cantor Fitzgerald & Co. is a New York general partnership.

7.     Defendant Republic of Argentina is a Foreign State as defined in 28 U.S.C. § 1603.

### JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a).

9.     In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York.

10.    Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

## FACTUAL ALLEGATIONS

### Cantor's Bonds

11.    Cantor is the owner of € 745,000 principal amount of bonds issued pursuant to the Fiscal Agency Agreement, dated October 19, 1994 ("1994 FAA") by the Republic, ISIN XS0086333472 (the "XS0086333472 Bonds"). The XS0086333472 Bonds have a coupon rate of 8.125% and matured on April 21, 2008, at which time the entire principal amount on the XS0086333472 Bonds became due and payable. A true and correct copy of the 1994 FAA is attached hereto as **Exhibit A**.

12.    Cantor is the owner of $24,000 principal amount of bonds issued pursuant to the 1994 FAA, ISIN US040114AN02 (the "US040114AN02 Bonds"). The US040114AN02 Bonds have a coupon rate of 11% and mature on October 9, 2016, but are presently due and payable.

13.    Cantor is the owner of $675,000 principal amount of bonds issued pursuant to the 1994 FAA, ISIN US040114BE93 (the "US040114BE93 Bonds"). The US040114BE93 Bonds have a coupon rate of 11.75% and matured April 7, 2009on, at which time the entire principal amount on the US040114BE93 Bonds became due and payable.

14.    Cantor is the owner of $87,000 principal amount of bonds issued pursuant to the 1994 FAA, ISIN US040114GD65 (the "US040114GD65 Bonds"). The US040114GD65 Bonds have a coupon rate of 12.375% and matured on February 21, 2012, at which time the entire principal amount on the US040114GD65 Bonds became due and payable.

15.    Cantor is the owner of $250,000 principal amount of bonds issued pursuant to the 1994 FAA, ISIN US040114GF14 (the "US040114GF14 Bonds"). The

3

US040114GF14 Bonds have a coupon rate of 7% and matured on December 19, 2008, at which time the entire principal amount on the US040114GF14 Bonds became due and payable.

16.     Cantor is the owner of $89,000 principal amount of bonds issued pursuant to a Fiscal Agency Agreement, dated December 10, 1993 (the "1993 FAA"), ISIN US040114AH34 (the "US040114AH34 Bonds"). The US040114AH34 Bonds have a coupon rate of 8.375% and matured on December 12, 2003, at which time the entire principal amount on the US040114AH34 Bonds became due and payable. A true and correct copy of the 1993 FAA and 1993 FAA Prospectus dated December 9, 1993 ("1993 FAA Prospectus") is attached hereto as **Exhibit B**.

17.     Cantor is the owner of 211,000 Deutschmarks principal amount of bonds issued pursuant to the prospectus, dated April 10, 1996 ("DE0001319507 Prospectus") by the Republic, ISIN DE0001319507 (the "DE0001319507 Bonds"). The DE0001319507 Bonds have a coupon rate of 11.25% and matured on April 10, 2006, at which time the entire principal amount on the DE0001319507 Bonds became due and payable. A true and correct copy of the DE0001319507 Prospectus is attached hereto as **Exhibit C**.

18.     Cantor is the owner of € 375,987.88 principal amount of bonds issued pursuant to the offering circular, dated February 26, 1998 ("DE0001974608 Offering Circular") by the Republic, ISIN DE0001974608 (the "DE0001974608 Bonds"). The DE0001974608 Bonds have a coupon rate of 11% and matured on February 26, 2008, at which time the entire principal amount on the DE0001974608 Bonds became due and payable. A true and correct copy of the DE0001974608 Offering Circular is attached hereto as **Exhibit D**.

19.     Cantor is the owner of € 246,000 principal amount of bonds issued pursuant to the offering circular, dated June 20, 2000 ("DE0002466208 Offering Circular") by

the Republic, ISIN DE0002466208 (the "DE0002466208 Bonds"). The DE0002466208 Bonds have a coupon rate of 9% and matured on June 20, 2003, at which time the entire principal amount on the DE0002466208 Bonds became due and payable. A true and correct copy of the DE0002466208 Offering Circular is attached hereto as **Exhibit E**.

        20.     Cantor is the owner of € 338.76 principal amount of bonds issued pursuant to the offering circular, dated July 14, 1998 ("DE0002483203 Offering Circular") by the Republic, ISIN DE0002483203 (the "DE0002483203 Bonds"). The DE0002483203 Bonds have a coupon rate of 8.25% and matured on July 6, 2010, at which time the entire principal amount on the DE0002483203 Bonds became due and payable. A true and correct copy of the DE0002483203 Offering Circular is attached hereto as **Exhibit F**.

        21.     Cantor is the owner of € 100,000 principal amount of bonds issued pursuant to the offering circular, dated April 21, 1999 ("DE0002966900 Offering Circular") by the Republic, ISIN DE0002966900 (the "DE0002966900 Bonds"). The DE0002966900 Bonds have a coupon rate of 8% and matured on February 26, 2008, at which time the entire principal amount on the DE0002966900 Bonds became due and payable. A true and correct copy of the DE0002966900 Offering Circular is attached hereto as **Exhibit G**.

        22.     Cantor is the owner of € 6,000 principal amount of bonds issued pursuant to the offering circular, dated April 26, 1999 ("DE0002998952 Offering Circular") by the Republic, ISIN DE0002998952 (the "DE0002998952 Bonds"). The DE0002998952 Bonds have a coupon rate of 9% and matured on April 26, 2006, at which time the entire principal amount on the DE0002998952 Bonds became due and payable. A true and correct copy of the DE0002998952 Offering Circular is attached hereto as **Exhibit H**.

23.     Cantor is the owner of € 20,000 principal amount of bonds issued pursuant to the offering circular, dated June 30, 1999 ("DE0003089850 Offering Circular") by the Republic, ISIN DE0003089850 (the "DE0003089850 Bonds"). The DE0003089850 Bonds have a coupon rate of 8.5% and matured on July 1, 2004, at which time the entire principal amount on the DE0003089850 Bonds became due and payable. A true and correct copy of the DE0003089850 Offering Circular is attached hereto as **Exhibit I**.

24.     Cantor is the owner of € 12,000 principal amount of bonds issued pursuant to the offering circular, dated October 21, 1999 ("DE0003527966 Offering Circular") by the Republic, ISIN DE0003527966 (the "DE0003527966 Bonds"). The DE0003527966 Bonds have a coupon rate of 9.25% and matured on October 21, 2002, at which time the entire principal amount on the DE0003527966 Bonds became due and payable. A true and correct copy of the DE0003527966 Offering Circular is attached hereto as **Exhibit J**.

25.     Cantor is the owner of € 12,000 principal amount of bonds issued pursuant to the offering circular, dated December 7, 1999 ("DE0004500558 Offering Circular") by the Republic, ISIN DE0004500558 (the "DE0004500558 Bonds"). The DE0004500558 Bonds have a coupon rate of 10% and matured on December 7, 2004, at which time the entire principal amount on the DE0004500558 Bonds became due and payable. A true and correct copy of the DE0004500558 Offering Circular is attached hereto as **Exhibit K**.

26.     Cantor is the owner of € 180,000 principal amount of bonds issued pursuant to the offering circular, dated January 26, 2000 and amended on February 29, 2000 ("DE0004509005 Offering Circular") by the Republic, ISIN DE0004509005 (the "DE0004509005 Bonds"). The DE0004509005 Bonds have a coupon rate of 10.25% and matured on January 26, 2007, at which time the entire principal amount on the DE0004509005

6

Bonds became due and payable. A true and correct copy of the DE0004509005 Offering
Circular is attached hereto as **Exhibit L**.

27.      Cantor is the owner of 20,000,000 Italian Lira principal amount of bonds
issued pursuant to the Trust Deed, dated July 27, 1993 ("1993 Trust Deed") by the Republic,
ISIN XS0080809253 (the "XS0080809253 Bonds"). The XS0080809253 Bonds have a coupon
rate of 7% and matured on March 18, 2004, at which time the entire principal amount on the
XS0080809253 Bonds became due and payable. A true and correct copy of the 1993 Trust Deed
is attached hereto as **Exhibit M**.

28.      Cantor is the owner of € 3,000 principal amount of bonds issued pursuant
to the 1993 Trust Deed by the Republic, ISIN XS0089277825 (the "XS0089277825 Bonds").
The XS0089277825 Bonds have a coupon rate of 8.5% and matured on July 30, 2010, at which
time the entire principal amount on the XS0089277825 Bonds became due and payable.

29.      Cantor is the owner of € 47,000 principal amount of bonds issued pursuant
to the 1993 Trust Deed by the Republic, ISIN XS0096960751 (the "XS0096960751 Bonds").
The XS0096960751 Bonds have a coupon rate of 7% and matured on March 18, 2004, at which
time the entire principal amount on the XS0096960751 Bonds became due and payable.

30.      Cantor is the owner of € 100,000 principal amount of bonds issued
pursuant to the 1993 Trust Deed by the Republic, ISIN XS0098314874 (the "XS0098314874
Bonds"). The XS0098314874 Bonds have a coupon rate of 7.125% and matured on June 10,
2002, at which time the entire principal amount on the XS0098314874 Bonds became due and
payable.

31.      Cantor is the owner of € 24,017.84 principal amount of bonds issued
pursuant to the 1993 Trust Deed by the Republic, ISIN XS0103457585 (the "XS0103457585

Bonds"). The XS0103457585 Bonds have a coupon rate of 10% and matured on February 26, 2008, at which time the entire principal amount on the XS0103457585 Bonds became due and payable.

32.     Cantor is the owner of € 57,000 principal amount of bonds issued pursuant to the 1993 Trust Deed by the Republic, ISIN XS0105224470 (the "XS0105224470 Bonds"). The XS0105224470 Bonds have a variable interest rate and matured on December 22, 2004, at which time the entire principal amount on the XS0105224470 Bonds became due and payable.

33.     Cantor is the owner of € 991,000 principal amount of bonds issued pursuant to the 1993 Trust Deed by the Republic, ISIN XS0105694789 (the "XS0105694789 Bonds"). The XS0105694789 Bonds have a coupon rate of 10% and matured on January 7, 2005, at which time the entire principal amount on the XS0105694789 Bonds became due and payable.

34.     Cantor is the owner of € 51,000 principal amount of bonds issued pursuant to the 1993 Trust Deed by the Republic, ISIN XS0109203298 (the "XS0109203298 Bonds"). The XS0109203298 Bonds have a coupon rate of 8.125% and matured on October 4, 2004, at which time the entire principal amount on the XS0109203298 Bonds became due and payable.

35.     A record of Cantor's holdings of the Argentine bonds referenced above is attached as **Exhibit N.**

**The Republic's Default Under the 1994 FAA**

36.     Pursuant to Section 12 of the 1994 FAA, the following, *inter alia*, are defined as "Events of Default":

>           (a) Non-Payment:  The Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues of a period of 30 days; or

8

\* \* \*

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

37.     Section 12 of the 1994 FAA further provides that following either of the foregoing Events of Default, a note holder, *i.e.,* Cantor, may give the Republic written notice and declare "the principal amount of such Securities held by it to be due and payable immediately," together with all accrued interest.

38.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the 1994 FAA.

39.     Since then, the Republic has failed to make payments due on the XS0086333472 Bonds, the US040114AN02 Bonds, the US040114BE93 Bonds, the US040114GD65 Bonds, and the US040114GF14 Bonds held by Cantor.

**The Republic's Default Under the 1993 FAA**

40.     Pursuant to page 7 of Exhibit 1 to the 1993 FAA, Form of Global Bond, the following, inter alia, are defined as "Events of Default":

(a) the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues of a period of 30 days; or

\* \* \*

(d) a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

41.     Pursuant to page 8 of Exhibit 1 to the 1993 FAA further provides that following either of the foregoing Events of Default, a note holder, *i.e.,* Cantor, may give the

Republic written notice and declare "the principal amount of all the Bonds to be due and payable immediately," together with all accrued interest.

42.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the 1993 FAA.

43.    Since then, the Republic has failed to make payments due on the US040114AH34 Bonds held by Cantor.

**The Republic's Default Under the DE0001319507 Prospectus**

44.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0001319507 Prospectus, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be proposed or declared by the Republic. . .

45.    Section 9 of the Terms and Conditions of the Bonds of the DE0001319507 Prospectus further provides that following either of the foregoing Events of Default, a bondholder, *i.e.,* Cantor, may give the Republic's Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

46.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0001319507 Prospectus.

47.     Since then, the Republic has failed to make payments due on the DE0001319507 Bonds held by Cantor.

**The Republic's Default Under the DE0001974608 Offering Circular**

48.     Pursuant to Section 10 of the Terms and Conditions of the Bonds of the DE0001974608 Offering Circular, the following, inter alia, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

49.     Section 10 of the Terms and Conditions of the Bonds of the DE0001974608 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, i.e., Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

50.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0001974608 Offering Circular.

51.     Since then, the Republic has failed to make payments due on the DE0001974608 Bonds held by Cantor.

**The Republic's Default Under the DE0002466208 Offering Circular**

52.     Pursuant to Section 8 of the Terms and Conditions of the Bonds of the DE0002466208 Offering Circular, the following, inter alia, are defined as "Events of Default":

(a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or

\* \* \*

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

53.     Section 8 of the Terms and Conditions of the Bonds of the DE0002466208 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, i.e., Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

54.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0002466208 Offering Circular.

55.     Since then, the Republic has failed to make payments due on the DE0002466208 Bonds held by Cantor.

**The Republic's Default Under the DE0002483203 Offering Circular**

56.     Pursuant to Section 10 of the Terms and Conditions of the Bonds of the DE0002483203 Offering Circular, the following, inter alia, are defined as "Events of Default":

(a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or

\* \* \*

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be

proposed or declared by the Republic of Argentina . . .

57.     Section 10 of the Terms and Conditions of the Bonds of the DE0002483203 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, i.e., Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

58.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0002483203 Offering Circular.

59.     Since then, the Republic has failed to make payments due on the DE0002483203 Bonds held by Cantor.

**The Republic's Default Under the DE0002966900 Offering Circular**

60.     Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002966900 Offering Circular, the following, inter alia, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

61.     Section 8 of the Terms and Conditions of the Bonds of the DE0002966900 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, i.e., Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as

of the date on which such notice is received by the Principal Paying Agent."

62.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0002966900 Offering Circular.

63.     Since then, the Republic has failed to make payments due on the DE0002966900 Bonds held by Cantor.

**The Republic's Default Under the DE0002998952 Offering Circular**

64.     Pursuant to Section 8 of the Terms and Conditions of the Bonds of the DE0002998952 Offering Circular, the following, inter alia, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

65.     Section 8 of the Terms and Conditions of the Bonds of the DE0002998952 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, i.e., Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

66.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0002998952 Offering Circular.

67.     Since then, the Republic has failed to make payments due on the

DE0002998952 Bonds held by Cantor.

**The Republic's Default Under the DE0003089850 Offering Circular**

68.     Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003089850 Offering Circular, the following, inter alia, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

69.     Section 9 of the Terms and Conditions of the Bonds of the DE0003089850 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, i.e., Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

70.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0003089850 Offering Circular.

71.     Since then, the Republic has failed to make payments due on the DE0003089850 Bonds held by Cantor.

**The Republic's Default Under the DE0003527966 Offering Circular**

72.     Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003527966 Offering Circular, the following, inter alia, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the

Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or

* * *

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

73.     Section 9 of the Terms and Conditions of the Bonds of the DE0003527966 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, i.e., Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

74.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0003527966 Offering Circular.

75.     Since then, the Republic has failed to make payments due on the DE0003527966 Bonds held by Cantor.

**The Republic's Default Under the DE0004500558 Offering Circular**

76.     Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0004500558 Offering Circular, the following, inter alia, are defined as "Events of Default":

(a) Non-Payment: the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or

* * *

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

77.     Section 9 of the Terms and Conditions of the Bonds of the DE0004500558 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, i.e., Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as of the date on which such notice is received by the Principal Paying Agent."

78.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0004500558 Offering Circular.

79.     Since then, the Republic has failed to make payments due on the DE0004500558 Bonds held by Cantor.

**The Republic's Default Under the DE0004509005 Offering Circular**

80.     Pursuant to Section 8 of the Terms and Conditions of the Bonds of the DE0004509005 Offering Circular, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic of Argentina shall be proposed or declared by the Republic of Argentina . . .

81.     Section 8 of the Terms and Conditions of the Bonds of the DE0004509005 Offering Circular further provides that following either of the foregoing Events of Default, a bondholder, *i.e.,* Cantor, may give the Republic's Principal Paying Agent written notice and declare "such Bond to be immediately due and payable together with accrued interest thereon, as

of the date on which such notice is received by the Principal Paying Agent."

82.   In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the DE0004509005 Offering Circular.

83.   Since then, the Republic has failed to make payments due on the DE0004509005 Bonds held by Cantor.

**The Republic's Default Under the Trust Deed**

84.   Pursuant to Section 10.2 of the Trust Deed, the following, *inter alia*, is defined as "Proof of Default":

> (a) Non-Payment:  If it is proved that as regards any specified Note or Coupon the Republic has made default in paying any sum due to the relevant Noteholder such proof will (unless the contrary be proved) be sufficient evidence that it has made the same default as regards all other Notes or Coupons which are then Payable

85.   Pursuant to Section 10 of the Terms and Conditions of the Notes, the following, *inter alia,* is defined as "Events of Default":

> (a) Non-Payment:  the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues of a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

86.   Section 10 of the Terms and Conditions of the Notes further provides that following either of the foregoing Events of Default:

> the Trustee at its discretion may in respect of Notes of any Series, or at the request of the holders of not less than 25 percent in aggregate principal amount of the Notes of such Series then outstanding, by notice in writing

to the Republic shall, declare the principal amount (or Amortised Face Amount) of all the Notes of such Series to be due and payable immediately, and upon any such declaration the same shall become and shall be immediately due and payable…

87.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the Trust Deed.

88.     Since then, the Republic has failed to make payments due on the XS0080809253 Bonds, the XS0089277825 Bonds, the XS0096960751 Bonds, the XS0098314874 Bonds, the XS0103457585 Bonds, the XS0105224470 Bonds, the XS0105694789 Bonds, and the XS0109203298 Bonds held by Cantor.

**The Republic's Violation of the Equal Treatment Provisions**

89.     In 2005, the Republic restructured its debt by offering a bond exchange to all holders of non-performing external debt (the "2005 Exchange").

90.     The 2005 Prospectus for this Bond Exchange stated:

> *Existing defaulted bonds eligible for exchange that are not tendered may remain in default indefinitely. . . . The Government has announced that it has no intention of resuming payment on any bonds eligible to participate in [the] exchange offer. . . . that are not tendered or otherwise restructured as part of such transaction. Consequently, if you elect not to tender your bonds in an exchange offer there can be no assurance that you will receive any future payments in respect to your bonds.*

91.     Holders of approximately 25% of the Republic's non-performing bonds did not participate in the 2005 Exchange ("Non-tendering Bondholders").

92.     Bondholders who participated in the 2005 Exchange ("2005 Exchange Bondholders") received bonds (the "2005 Exchange Bonds") scheduled to pay semi-annual interest.

93.     The first interest payment on the 2005 Bonds was due and paid in 2005.

94.     The Republic paid all subsequent interest due on the 2005 Exchange Bonds until the payment that came due on June 30, 2014.  On June 26, 2014, the Republic attempted to initiate payment to certain holders of 2005 Exchange Bonds by transmitting funds to the Bank of New York Mellon ("BNY Melon") as trustee.  By reason of Orders issued by the Court, BNY Melon did not further transmit these funds to holders of the 2005 Exchange Bonds. *NML Capital, Ltd v. The Republic of Argentina*, No. 08 Civ. 6978(TPG ) (S.D.N.Y. Aug. 6, 2014) (ECF No. 633).

95.     Upon information and belief, the Republic intends to continue paying or attempting to pay interest on all 2005 Exchange Bonds as it becomes due.

96.     To facilitate the 2005 Bond Exchange, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,017 ("the Lock Law") on February 9, 2005. A true and correct copy of Law 26,017 and a certified translation are annexed hereto as **Exhibit O.**

97.     In its January 28, 2010 Prospectus, the Republic explained the purpose and effect of the Lock Law as follows:

> In an effort to reassure tendering Bondholders and increase the level of participation on the 2005 Debt Exchange, Congress subsequently passed Law 26,017, known as the "Lock Law." The Lock Law prohibited the Executive Branch from reopening the 2005 Debt Exchange without Congressional approval **and also prohibited any type of settlement involving untendered securities that were eligible to participate in the 2005 Debt Exchange . . . .**

98.     The assurances to tendering bondholders provided by Law 26,017 facilitated the Republic's completion of the 2005 Bond Exchange.

99.     Article 1 of Law 26,017 provided that Bonds not tendered in the 2005 Exchange would be subject to the following provisions:

a.   Article 2 – The national Executive Power may not, with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

b.   Article 3 - The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.

c.   Article 4 - The national Executive Power must – within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions – order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges.

100.   The Republic violated the Equal Treatment provisions by lowering the rank of its payment obligations under Plaintiff's bonds below that of other unsecured and unsubordinated External Indebtedness by relegating Plaintiff's bonds to a non-paying class pursuant to Law 26,017.

101.   The Republic's courts have held that the Lock Law and the Republic's Moratorium on payment prevent them from recognizing and enforcing Non-tendering Bondholders' New York judgments.

102.   In 2009, in preparation for another bond exchange in 2010, the Senate and Chamber of Deputies of the Argentine Nation passed Law No. 26,547 which, among other things, suspended the Lock Law for purposes of the 2010 Exchange. A true and correct copy of Law 26,547 and a certified translation are annexed hereto as **Exhibit P**.

103.   Law 26,547 provided:

a.   Article 1. The effect of Articles 2, 3, and 4 of Law No. 26,017 is suspended until 31 December 2010 or until the National Executive Branch, through the Ministry of Economy and Public Finance, declares that the process of restructuring the government bonds affected by the referenced regulation is completed, whichever occurs first.

    b.    Article 3. The financial terms and conditions that are offered may not be equal to or better than those offered to creditors, in the debt restructuring established by Decree No. 1735/04.

    c.    Article 5. ...
It is prohibited to offer the holders of government bonds who may have initiated judicial, administrative, arbitration or any other type of action, more favorable treatment than what is offered to those who have not done so.

104.    The prospectus for the Republic's 2010 Exchange stated:

Eligible Securities in default that are not exchanged pursuant to the Invitation may remain in default indefinitely. In light of its financial and legal constraints, *Argentina does not expect to resume payments on any eligible Securities in default that remain outstanding following the expiration of the Invitation.* Argentina has opposed vigorously, and intends to continue to oppose, attempts by holders who did not participate in its prior exchange offers to collect on its defaulted debt through . . . litigation . . . and other legal proceedings against Argentina. Argentina remains subject to significant legal constraints regarding its defaulted debt. . . .

Consequently, if you elect not to tender your Eligible Securities in default pursuant to the Invitation *there can be no assurance that you will receive any future payments or be able to collect through litigation in respect of your Eligible Securities in default.*

105.    The Republic violated the Equal Treatment provisions by relegating Plaintiff's bonds to a non-paying class pursuant to Law 26,547.

106.    The Bonds issued in the 2010 Bond Exchange (the "2010 Exchange Bonds") began to pay semi-annual interest to those who participated in the Exchange (the "2010 Exchange Bondholders") in 2010.

107.    In 2010, the Republic began making semi-annual interest payments to holders of the 2010 Exchange Bonds.

108.    The Republic paid all subsequent interest due on the 2010 Exchange Bonds until the payment that came due on June 30, 2014. On June 26, 2014, the Republic

attempted to initiate payment to certain holders of 2010 Exchange Bonds by transmitting funds to BNY Melon as trustee.  By reason of Orders issued by the Court, BNY Melon did not further transmit these funds to holders of the 2010 Exchange Bonds. *NML Capital, Ltd v. The Republic of Argentina*, No. 08 Civ. 6978(TPG ) (S.D.N.Y. Aug. 6, 2014) (ECF No. 633).

109.    Upon information and belief, the Republic intends to continue paying or attempting to pay interest on all 2010 Exchange Bonds as it becomes due.

110.    Upon information and belief, absent an Order of this Court, the Republic will continue to pay holders of the External Indebtedness – including the 2005 and 2010 Exchange Bondholders and holders of the BONAR 2024 Bonds – while not paying Plaintiff on its bonds represented in this action.

111.    Plaintiff and the other Non-tendering Bondholders have been damaged as a result of the Republic's violations and will continue to be damaged by the continuing violations of the Equal Treatment provisions.

112.    NML Capital, Ltd. ("NML") and other pre-judgment holders of defaulted bonds issued pursuant to the 1994 FAA sought specific performance of the Equal Treatment Provision of the 1994 FAA in three pre-judgment cases styled *NML Capital, Ltd v. The Republic of Argentina* Case Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG) (S.D.N.Y.) ("NML's pre-judgment actions").

113.    In Orders issued in NML's three pre-judgment actions, this Court:

a.    held that the Republic's actions, as described in paragraphs 83 through 105, *supra*, violated the Equal Treatment Provision of the 1994 FAA;

b.    granted partial summary judgment to NML on its equal treatment claims;

        c.      held that NML had no adequate remedy at law and that, absent equitable relief, NML would suffer irreparable harm;

        d.      held that the equities strongly supported injunctive relief;

        e.      held that the Republic had the financial wherewithal to meet its payment obligations to NML in those cases; and

        f.      issued an Amended Order requiring the Republic to specifically perform its equal treatment obligations by making ratable payment to NML whenever it paid the 2005 and 2010 Exchange Bondholders the amounts due on their bonds. A true and correct copy of this Court's December 7, 2011, February 23, 2012 and November 21, 2012 Orders are annexed hereto as **Exhibits Q, R, and S**, respectively.

114.    On February 23, 2012, this Court issued an injunction to remedy the Republic's continuing violations of the Equal Treatment Provision of the 1994 FAA, which required the Republic to pay NML ratably whenever it paid the 2005 or 2010 Exchange Bondholders pursuant to their bonds.

115.    On October 26, 2012 the Second Circuit affirmed this Court's February 23, 2012 decision, but remanded the injunction for clarification.

116.    The Republic petitioned for a Writ of Certiorari on the October 26, 2012 Second Circuit decision in the United States Supreme Court. That petition was denied October 7, 2013.

117.    On November 21, 2012, this Court amended the February 23, 2012 injunction.

118.    On August 23, 2013, the Second Circuit affirmed this Court's November 21, 2012 decision.

119.    The Republic subsequently petitioned for another Writ of Certiorari on the August 23, 2013 Second Circuit decision to the United States Supreme Court, which was also denied on June 16, 2014.

120.    In response to the orders of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court in NML's pre-judgment cases, the Republic's officials, including President Kirchner, have frequently said that the Republic will never pay NML or any other similar bondholders such as Plaintiff.

121.    On June 16, 2014, President Kirchner declared in a televised address that the Republic would not "be subjected to such extortion," referring to the actions of NML and others, and this Court's Orders.

122.    On June 17, 2014, the Republic's Economy Minister Axel Kicillof announced the Republic's  plan to swap the 2005 and 2010 Exchange Bonds for new bonds payable in the Republic.

123.    On June 20, 2014, the Court issued an Order ruling that Minister Kicillof's proposed bond swap was in violation of this Court's Orders.

124.    On June 26, 2014, the Republic transferred $832 million to banks that process Exchange Bond payments (including $539 million to the BNY Mellon), the trustee for some of the Exchange Bonds) in an attempt to pay the Exchange Bondholders without making a Ratable Payment as required under the Amended February 23 Orders.

125.    On August 6, 2014, this Court held that "the payment by Argentina to BNY . . . was illegal and a violation of the Amended February 23 Orders." The Court also ordered BNY Mellon to hold the funds, and expressly prohibited the Republic from taking any "steps to interfere with BNY's retention" of the funds.

126.    On September 11, 2014, the Republic enacted Law 26,984, which purports to appoint Buenos Aires-based Nación Fideicomisos, SA in place of BNY Mellon and to change the payment location of the Exchange Bonds explicitly to evade the "illegitimate and illegal obstruction" created by "judicial orders issued by the Southern District Court of the City of New York."

127.    On September 29, 2014, this Court issued an Order holding the Republic in civil contempt; and on October 3, 2014, the Court issued an Amended and Supplemental Order regarding the Republic's civil contempt.  A true and correct copy of this Court's September 29, 2014 and October 3, 2014 Orders are annexed hereto as **Exhibits T and U**, respectively.

128.    Upon information and belief, in May 2014, the Republic began issuing BONAR 2024 Bonds, which, as with the 2005 and 2010 Exchange Bonds, are External Indebtedness.

129.    Upon information and belief, in December 2014, the Republic issued approximately $650 million additional BONAR 2024 bonds.

130.    Upon information and belief, in April 2015, the Republic sold over $1.4 billion principal amount of BONAR 2024 Bonds.

131.    Upon information and belief, since May 2014, in total the Republic has issued approximately $5.3 billion of BONAR 2024 Bonds, much of which was sold to international investors outside of the Republic.

132.    Upon information and belief, in violation of its obligations under the Equal Treatment Provisions, the Republic made its first payment on the BONAR 2024 Bonds on November 7, 2014 and its second payment on May 7, 2015 while paying nothing to Plaintiff on

its bonds represented in this action.

133.   Upon information and belief, the Republic intends to make all payments due under the terms of the BONAR 2024 Bonds.

134.   Upon information and belief, the Republic intends to issue additional External Indebtedness in the future.

135.   Upon information and belief, the Republic intends to make all payments due under the terms of any other existing or future External Indebtedness.

136.   The Republic's issuance of the 2005 and 2010 Exchange Bonds, its payment of semi-annual interest to the holders of the bonds issued in the 2005 Bond Exchange and 2010 Bond Exchange, while paying nothing to Plaintiff on its bonds represented in this action and other bondholders who did not participate in the Exchanges, violates the Equal Treatment provisions.

137.   Upon information and belief, in addition to the bonds issued in the 2005 and 2010 Exchanges and the BONAR 2024 Bonds, the Republic has issued other External Indebtedness, made payments on such External Indebtedness, and it will continue to make payments and issue more of such External Indebtedness.

138.   The Republic's issuance of and payments on the 2005 and 2010 Exchange Bonds, the BONAR 2024 Bonds, and other External Indebtedness constitute violations of the Equal Treatment provisions.

139.   To prevent further violations, Plaintiff seeks specific enforcement of the Equal Treatment provisions with respect to the 2005 and 2010 Exchange Bonds.  Plaintiff also seeks specific enforcement of the Equal Treatment provisions with respect to the BONAR 2024 Bonds and with respect to all other External Indebtedness.

**The Republic's Refusal to Acknowledge its Agreement in Principle With Plaintiff**

140.    On February 17, 2016, the Republic published a unilateral settlement offer (the "Settlement Offer") to the holders of defaulted bonds, such as Plaintiff.  A true and correct copy of the Settlement Offer is attached hereto as **Exhibit V**.

141.    The Settlement Offer was made up of three separate parts: (a) "Instructions for Bondholders to Accept its Settlement Proposal"; (b) a "Master Settlement Agreement"; and (c) and "Agreement Schedule".

142.    The Instructions state that "Holders may become a party to a Settlement Agreement by executing and exchanging with the Republic a completed Agreement Schedule, the form of which is attached as Exhibit A to the Master Settlement Agreement."

143.    The Agreement Schedule could be accepted by any holder of defaulted Argentina bonds.

144.    The Settlement Offer did not exclude any bonds on the basis of any statute of limitations.  The Settlement Offer only limited defaulted bonds  eligible to participate by excluding bonds governed by any "prescription" principles.

145.    The relevant instruments governing Plaintiff's bonds contain express "contractual prescription" provisions that do not encompass claims barred by the statute of limitations.

146.    The contractual prescription periods set out in each of the relevant instruments governing Plaintiff's bonds have not expired.

147.    On February 22, 2016, Plaintiff executed and submitted, via e-mail to the Republic pursuant to the Instructions, its acceptance of the Settlement Offer with respect to its New York- and foreign-law bonds (the "February 22, 2016 Settlement Agreement").  A true and

correct copy of the February 22, 2016 Settlement Agreement is attached hereto as **Exhibit W**.

148. The Republic acknowledged receipt of the February 22, 2016 Settlement Agreement.

149. On March 2, 2016, the United States District Court for the Southern District of New York (Griesa, J.) (the "District Court") entered an order in *NML Capital, Ltd. v. The Republic of Argentina*, Case No. 08-6978, 2016 WL 836773 (S.D.N.Y. Mar. 2, 2016), and in certain related cases (the "March 2 Order"), providing that, upon the occurrence of two conditions precedent, and the Republic's notification to the District Court thereof, the District Court would vacate the permanent *pari passu* injunctions it entered on November 21, 2012, and October 30, 2015 (the "Injunctions"). The second condition precedent states that "[f]or all plaintiffs that entered into agreements in principle with the Republic on or before February 29, 2016, Argentina must make full payment in accordance with the specific terms of each such agreement. The Republic must also notify the court once those plaintiffs have all received full payment."

150. On March 8, 2016, Plaintiff executed and submitted, via e-mail to the Republic pursuant to the Instructions, its acceptance of the Settlement Offer with respect to its additional foreign-law bonds (the "March 8, 2016 Settlement Agreement"). A true and correct copy of the March 8, 2016 Settlement Agreement is attached hereto as **Exhibit X**.

151. The Republic acknowledged receipt of the March 8, 2016 Settlement Agreement.

152. On March 11, 2016, Plaintiff executed and submitted, via e-mail to the Republic pursuant to the Instructions, its acceptance of the Settlement Offer with respect to its additional New York- and foreign-law bonds (the "March 11, 2016 Settlement Agreement"). A

true and correct copy of the March 11, 2016 Settlement Agreement is attached hereto as **Exhibit Y**.

153. The Republic acknowledged receipt of the March 11, 2016 Settlement Agreement.

154. On March 17, 2016, Plaintiff executed and submitted, via e-mail to the Republic pursuant to the Instructions, its acceptance of the Settlement Offer with respect to its additional New York law bonds (the "March 17, 2016 Settlement Agreement"). A true and correct copy of the March 17, 2016 Settlement Agreement is attached hereto as **Exhibit Z.**

155. The Republic acknowledged receipt of the March 17, 2016 Settlement Agreement.

156. On March 18, 2016, Plaintiff also executed and submitted, via e-mail to the Republic pursuant to the Instructions, its acceptance of the Settlement Offer with respect to its additional New York law bonds (the "March 18, 2016 Settlement Agreement"). A true and correct copy of the March 18, 2016 Settlement Agreement is attached hereto as **Exhibit AA.**

157. The Republic acknowledged receipt of the March 18, 2016 Settlement Agreement.

158. Plaintiff is and will continue to be harmed if the Republic is permitted to continue ignore its obligations to Plaintiff under the Settlement Offer.

## FIRST CLAIM FOR RELIEF
(For Breach of Contract on the XS0086333472 Bonds)

159. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 158 herein.

160. The XS0086333472 Bonds are a Series of Securities under the terms of the 1994 FAA.

161.    Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0086333472 Bonds entitling Plaintiff to declare the principal amount of the XS0086333472 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

162.    On or about May 13, 2016, the Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that it was declaring the entire principal amount of the XS0086333472 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

163.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0086333472 Bonds to Plaintiff.

164.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## SECOND CLAIM FOR RELIEF
(For Breach of Contract on the US040114AN02 Bonds)

165.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 164 herein.

166.    The US040114AN02 Bonds are a Series of Securities under the terms of the 1994 FAA.

167.    Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114AN02 Bonds entitling Plaintiff to declare the principal amount of the US040114AN02 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

168.    On or about May 13, 2016, the Plaintiff advised the Republic, by written

notice to the Republic's Principal Paying Agent, that it was declaring the entire principal amount of the US040114AN02 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

169.    Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114AN02 Bonds to Plaintiff.

170.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## THIRD CLAIM FOR RELIEF
### (For Breach of Contract on the US040114BE93 Bonds)

171.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 170 herein.

172.    The US040114BE93 Bonds are a Series of Securities under the terms of the 1994 FAA.

173.    Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114BE93 Bonds entitling Plaintiff to declare the principal amount of the US040114BE93 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

174.    On or about May 13, 2016, the Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that it was declaring the entire principal amount of the US040114BE93 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

175.    Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114BE93 Bonds to Plaintiff.

32

176.   By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FOURTH CLAIM FOR RELIEF
(For Breach of Contract on the US040114GD65 Bonds)

177.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 176 herein.

178.   The US040114GD65 Bonds are a Series of Securities under the terms of the 1994 FAA.

179.   Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114GD65 Bonds entitling Plaintiff to declare the principal amount of the US040114GD65 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

180.   On or about May 13, 2016, the Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that it was declaring the entire principal amount of the US040114GD65 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

181.   Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114GD65 Bonds to Plaintiff.

182.   By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## FIFTH CLAIM FOR RELIEF
### (For Breach of Contract on the US040114GF14 Bonds)

183.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 182 herein.

184.    The US040114GF14 Bonds are a Series of Securities under the terms of the 1994 FAA.

185.    Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114GF14 Bonds entitling Plaintiff to declare the principal amount of the US040114GF14 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

186.    On or about May 13, 2016, the Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that it was declaring the entire principal amount of the US040114GF14 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

187.    Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114GF14 Bonds to Plaintiff.

188.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## SIXTH CLAIM FOR RELIEF
### (For Specific Enforcement of the Equal Treatment
### Provision of the 1994 FAA and for
### Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

189.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 188 herein.

190.    Pursuant to Section 1(c) of the 1994 FAA (the "Equal Protection Provision of the 1994 FAA"), the Republic provided that its bonds issued pursuant to the 1994 FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness . . . ."

191.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

192.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the 1994 FAA.

193.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the 1994 FAA.

194.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the 1994 FAA.

195.    The bonds issued in the Exchanges are External Indebtedness.

196.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the 1994 FAA.

197.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the 1994 FAA.

198.    The Republic's past payment of interest to 2010 Bondholders, while

paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the 1994 FAA.

199.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation the Equal Protection Provision of the 1994 FAA.

200.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the 1994 FAA.

201.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the 1994 FAA and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

202.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

203.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

204.    Remedies available at law are inadequate to compensate for such injury.

205.   Plaintiff has performed its part of the contract with the Republic.

206.   The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the 1994 FAA.

207.   The balance of the equities tips toward the issuance of an injunction.

208.   The public interest would not be disserved by a permanent injunction.

**SEVENTH CLAIM FOR RELIEF**
(For Specific Enforcement of the Equal Treatment Provision of the 1994 FAA and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

209.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 208 herein.

210.   The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the 1994 FAA.

211.   Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the 1994 FAA.

212.   The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the 1994 FAA.

213.   The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the 1994 FAA.

214.   The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the

Equal Treatment Provision of the 1994 FAA.

215.     Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the 1994 FAA and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

216.     Remedies available at law are inadequate to compensate for such injury.

217.     Plaintiff has performed its part of the contract with the Republic.

218.     The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the 1994 FAA.

219.     The balance of the equities tips toward the issuance of an injunction.

220.     The public interest would not be disserved by a permanent injunction.

### EIGHTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the 1994 FAA and for Injunctive Relief With Respect to All External Indebtedness)

221.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 220 herein.

222.     The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the 1994 FAA.

223.     Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the 1994 FAA.

224.     The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the 1994 FAA.

225.     The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the 1994 FAA.

226.     Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the 1994 FAA and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

227.     Remedies available at law are inadequate to compensate for such injury.

228.     Plaintiff has performed its part of the contract with the Republic.

229.     The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of 1994 FAA.

230.     The balance of the equities tips toward the issuance of an injunction.

231.     The public interest would not be disserved by a permanent injunction.

### NINTH CLAIM FOR RELIEF
(For Breach of Contract on the US040114AH34 Bonds)

232.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 231 herein.

233.     The US040114AH34 Bonds are Bonds under the terms of the 1993 FAA.

234.    Pursuant to page 7 of Exhibit 1 to the 1993 FAA, Form of Global Bond, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114AH34 Bonds entitling Plaintiff to declare the principal amount of the US040114AH34 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

235.    On or about May 13, 2016, Plaintiff advised the Republic, by written notices to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114AH34 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

236.    Despite the notices, the Republic has failed to make any payments of principal or interest on the US040114AH34 Bonds to Plaintiff.

237.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## TENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provisions of the
1993 FAA and the 1993 FAA Prospectus and for Injunctive Relief
With Respect to the 2005 and 2010 Exchange Bonds)

238.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 237 herein.

239.    Pursuant to Section 15 of the 1993 FAA, the Republic provided that it may "create and issue further bonds ranking pari passu with the Bonds in all respects (or in all respects except for the payment of interest accruing prior to the issue date of such further bonds or except for the first payment of interest following the issue date of such further bonds) and so that such further bonds shall be consolidated and form a single series with the Bonds and shall

have the same terms as to status, redemption or otherwise as the Bonds."

240.    The bonds issued pursuant to the 1994 FAA represent further bonds created and issued by the Republic such that the owners of bonds issued pursuant to the 1993 FAA are entitled to the same terms as the 1994 FAA, including the Equal Treatment Provision of the 1994 FAA.

241.    Pursuant to Section 1(c) of the 1994 FAA, the Republic provided that its bonds issued pursuant to the FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without preference among themselves" and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness . . . ."

242.    Similarly, pursuant to page 56 of the 1993 FAA Prospectus, the Republic provided that its bonds issued pursuant to the 1993 FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness..."

243.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff on bonds issued pursuant to the 1993 FAA.

244.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

245.    Through the passage of Law 26,017, the Republic issued a new series of

41

bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

246.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

247.    The bonds issued in the Exchanges are External Indebtedness.

248.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

249.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

250.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

251.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

252.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

253.    Plaintiff has suffered irreparable injury from the Republic's violation of

the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus and will

continue to suffer such injury unless this Court specifically enforces that Provision with a

mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to

2005 or 2010 Bondholders.

      254.    In its December 7, 2011 Order in the NML pre-judgment actions, this

Court specifically held that the Republic's Equal Treatment obligations applied to bondholders

who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the
> Republic's payment obligations on the bonds include its payment
> obligations to bondholders who have brought actions to recover on
> their defaulted bonds, and on judgments entered pursuant to
> judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

      255.    The Equal Protection Provisions of the 1993 FAA and the 1993 FAA

Prospectus have the same force and effect as the Equal Treatment Provision of the 1994 FAA

and, therefore, the orders of this Court, the Second Circuit, and the United States Supreme Court

in NML's pre-judgment actions regarding the Equal Treatment Provision of the 1994 FAA

should apply equally to bonds issued pursuant to the 1993 FAA.

      256.    Therefore, relief identical to that granted in the pre-judgment cases in

NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment

case.

      257.    Remedies available at law are inadequate to compensate for such injury.

      258.    Plaintiff has performed its part of the contract with the Republic.

      259.    The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

260.   The balance of the equities tips toward the issuance of an injunction.

261.   The public interest would not be disserved by a permanent injunction.

### ELEVENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provisions of the
1993 FAA and the 1993 FAA Prospectus and
for Injunctive Relief With Respect to the BONAR 2024 Bonds)

262.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 261 herein.

263.   Pursuant to Section 15 of the 1993 FAA, the Republic provided that it may "create and issue further bonds ranking pari passu with the Bonds in all respects (or in all respects except for the payment of interest accruing prior to the issue date of such further bonds or except for the first payment of interest following the issue date of such further bonds) and so that such further bonds shall be consolidated and form a single series with the Bonds and shall have the same terms as to status, redemption or otherwise as the Bonds."

264.   The bonds issued pursuant to the 1994 FAA represent further bonds created and issued by the Republic such that the owners of bonds issued pursuant to the 1993 FAA are entitled to the same terms as the 1994 FAA, including the Equal Treatment Provision of the 1994 FAA.

265.   Pursuant to Section 1(c) of the 1994 FAA, the Republic provided that its bonds issued pursuant to the FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without preference among themselves" and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness . . . ."

266.   Similarly, pursuant to page 56 of the 1993 FAA Prospectus, the Republic

provided that its bonds issued pursuant to the 1993 FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness…"

267.    The Republic, therefore, may not make any payment on its External Indebtedness without also making a ratable payment at the same time to Plaintiff.  Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiff constitutes a violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

268.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

269.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

270.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

271.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

272.    The Republic's continuing payments of interest to the holders of the

BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

273.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

274.    Remedies available at law are inadequate to compensate for such injury.

275.    Plaintiff has performed its part of the contract with the Republic.

276.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

277.    The balance of the equities tips toward the issuance of an injunction.

278.    The public interest would not be disserved by a permanent injunction.

## TWELFTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provisions of the
1993 FAA and the 1993 FAA Prospectus
and for Injunctive Relief With Respect to All External Indebtedness)

279.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 278 herein.

280.    Pursuant to Section 15 of the 1993 FAA, the Republic provided that it may "create and issue further bonds ranking pari passu with the Bonds in all respects (or in all respects except for the payment of interest accruing prior to the issue date of such further bonds or except for the first payment of interest following the issue date of such further bonds) and so that such further bonds shall be consolidated and form a single series with the Bonds and shall

have the same terms as to status, redemption or otherwise as the Bonds."

281.    The bonds issued pursuant to the 1994 FAA represent further bonds created and issued by the Republic such that the owners of bonds issued pursuant to the 1993 FAA are entitled to the same terms as the 1994 FAA, including the Equal Treatment Provision of the 1994 FAA.

282.    Pursuant to Section 1(c) of the 1994 FAA, the Republic provided that its bonds issued pursuant to the FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without preference among themselves" and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness . . . ."

283.    Similarly, pursuant to page 56 of the 1993 FAA Prospectus, the Republic provided that its bonds issued pursuant to the 1993 FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness..."

284.    The Republic, therefore, may not make any payment on its External Indebtedness without also making a ratable payment at the same time to Plaintiff. Any payment of External Indebtedness where the Republic does not also make a ratable payment at the same time to Plaintiff constitutes a violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

285.    The Republic has engaged in a course of conduct violative of the Equal

Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

286.    Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

287.    The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

288.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

289.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

290.    Remedies available at law are inadequate to compensate for such injury.

291.    Plaintiff has performed its part of the contract with the Republic.

292.    The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

293.    The balance of the equities tips toward the issuance of an injunction.

294.    The public interest would not be disserved by a permanent injunction.

## THIRTEENTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0001319507 Bonds)

295.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 294 herein.

296.    The DE0001319507 Bonds are Bonds under the terms of the DE0001319507 Prospectus.

297.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0001319507 Prospectus, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0001319507 Bonds entitling Plaintiff to declare the principal amount of the DE0001319507 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

298.    On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0001319507 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0001319507 Prospectus.

299.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0001319507 Bonds to Plaintiff.

300.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FOURTEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0001319507 Prospectus and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

301.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 300 herein.

302.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0001319507 Prospectus (the "Equal Protection Provision of the DE0001319507 Prospectus"), the Republic provided that the DE0001319507 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

303.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

304.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0001319507 Prospectus.

305.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0001319507 Prospectus.

306.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0001319507 Prospectus.

307.   The bonds issued in the Exchanges are External Indebtedness.

308.   The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0001319507 Prospectus.

309.   The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0001319507 Prospectus.

310.   The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0001319507 Prospectus.

311.   The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0001319507 Prospectus.

312.   The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0001319507 Prospectus.

313.   Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0001319507 Prospectus and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

314.   In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the
> Republic's payment obligations on the bonds include its payment
> obligations to bondholders who have brought actions to recover on
> their defaulted bonds, and on judgments entered pursuant to
> judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

315.    Therefore, relief identical to that granted in the pre-judgment cases in

NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment

case.

316.    Remedies available at law are inadequate to compensate for such injury.

317.    Plaintiff has performed its part of the contract with the Republic.

318.    The Republic is capable of performing its obligations pursuant to the

Equal Protection Provision of the DE0001319507 Prospectus.

319.    The balance of the equities tips toward the issuance of an injunction.

320.    The public interest would not be disserved by a permanent injunction.

### FIFTEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0001319507 Prospectus
and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

321.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 320 herein.

322.    The Republic has engaged in a course of conduct violative of the Equal

Treatment Provision of the DE0001319507 Prospectus.

323.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a

new series of bonds with payment obligations that rank higher than those held by Plaintiff and

other Non-tendering Bondholders in violation of the Equal Treatment Provision of the

DE0001319507 Prospectus.

324.    The BONAR 2024 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0001319507 Prospectus.

325.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0001319507 Prospectus.

326.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the DE0001319507 Prospectus.

327.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0001319507 Prospectus and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

328.    Remedies available at law are inadequate to compensate for such injury.

329.    Plaintiff has performed its part of the contract with the Republic.

330.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0001319507 Prospectus.

331.    The balance of the equities tips toward the issuance of an injunction.

332.    The public interest would not be disserved by a permanent injunction.

## SIXTEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0001319507 Prospectus
and for Injunctive Relief With Respect to All External Indebtedness)

333.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 332 herein.

334.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0001319507 Prospectus.

335.    Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0001319507 Prospectus.

336.    The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0001319507 Prospectus.

337.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0001319507 Prospectus.

338.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0001319507 Prospectus and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the

injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

339.    Remedies available at law are inadequate to compensate for such injury.

340.    Plaintiff has performed its part of the contract with the Republic.

341.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0001319507 Prospectus.

342.    The balance of the equities tips toward the issuance of an injunction.

343.    The public interest would not be disserved by a permanent injunction.

### SEVENTEENTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0001974608 Bonds)

344.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 343 herein.

345.    The DE0001974608 Bonds are Bonds under the terms of the DE0001974608 Offering Circular.

346.    Pursuant to Section 10 of the Terms and Conditions of the Bonds of the DE0001974608 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0001974608 Bonds entitling Plaintiff to declare the principal amount of the DE0001974608 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

347.    On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0001974608 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0001974608 Offering Circular.

348.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0001974608 Bonds to Plaintiff.

349.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## EIGHTEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0001974608 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

350.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 349 herein.

351.    Pursuant to Section 9 of the Terms and Conditions of the Bonds annexed to the DE0001974608 Offering Circular (the "Equal Protection Provision of the DE0001974608 Offering Circular"), the Republic provided that the DE0001974608 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds and the Coupons shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

352.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

353.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0001974608 Offering Circular.

354.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-

tendering Bondholders in violation of the Equal Protection Provision of the DE0001974608 Offering Circular.

355.   Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0001974608 Offering Circular.

356.   The bonds issued in the Exchanges are External Indebtedness.

357.   The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0001974608 Offering Circular.

358.   The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0001974608 Offering Circular.

359.   The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0001974608 Offering Circular.

360.   The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0001974608 Offering Circular.

361.   The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0001974608 Offering Circular.

362.   Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0001974608 Offering Circular and will continue to

suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

363.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

364.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

365.    Remedies available at law are inadequate to compensate for such injury.

366.    Plaintiff has performed its part of the contract with the Republic.

367.    The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0001974608 Offering Circular.

368.    The balance of the equities tips toward the issuance of an injunction.

369.    The public interest would not be disserved by a permanent injunction.

## NINETEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0001974608 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

370.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 369 herein.

371.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0001974608 Offering Circular.

372.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0001974608 Offering Circular.

373.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0001974608 Offering Circular.

374.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0001974608 Offering Circular.

375.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the DE0001974608 Offering Circular.

376.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0001974608 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

377.    Remedies available at law are inadequate to compensate for such injury.

378.    Plaintiff has performed its part of the contract with the Republic.

379.    The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provision of the DE0001974608 Offering Circular.

380.    The balance of the equities tips toward the issuance of an injunction.

381.    The public interest would not be disserved by a permanent injunction.

## TWENTIETH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0001974608 Offering
Circular and for Injunctive Relief With Respect to All External Indebtedness)

382.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 381 herein.

383.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0001974608 Offering Circular.

384.    Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0001974608 Offering Circular.

385.    The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0001974608 Offering Circular.

386.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0001974608 Offering Circular.

387.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0001974608 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the

External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

388.    Remedies available at law are inadequate to compensate for such injury.

389.    Plaintiff has performed its part of the contract with the Republic.

390.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0001974608 Offering Circular.

391.    The balance of the equities tips toward the issuance of an injunction.

392.    The public interest would not be disserved by a permanent injunction.

### TWENTY-FIRST CLAIM FOR RELIEF
(For Breach of Contract on the DE0002466208 Bonds)

393.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 392 herein.

394.    The DE0002466208 Bonds are Bonds under the terms of the DE0002466208 Offering Circular.

395.    Pursuant to Section 8 of the Terms and Conditions of the Bonds of the DE0002466208 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0002466208 Bonds entitling Plaintiff to declare the principal amount of the DE0002466208 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

396.    On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal

amount of the DE0002466208 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002466208 Offering Circular.

397.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0002466208 Bonds to Plaintiff.

398.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

**TWENTY-SECOND CLAIM FOR RELIEF**
(For Specific Enforcement of the Equal Treatment
Provision of the DE0002466208 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

399.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 398 herein.

400.    Pursuant to Section 7 of the Terms and Conditions of the Bonds annexed to the DE0002466208 Offering Circular (the "Equal Protection Provision of the DE0002466208 Offering Circular"), the Republic provided that the DE0002466208 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Notes shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

401.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

402.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0002466208 Offering Circular.

403.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0002466208 Offering Circular.

404.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0002466208 Offering Circular.

405.    The bonds issued in the Exchanges are External Indebtedness.

406.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0002466208 Offering Circular.

407.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002466208 Offering Circular.

408.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002466208 Offering Circular.

409.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0002466208 Offering Circular.

410.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0002466208 Offering Circular.

411.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0002466208 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

412.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

413.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

414.    Remedies available at law are inadequate to compensate for such injury.

415.    Plaintiff has performed its part of the contract with the Republic.

416.    The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0002466208 Offering Circular.

417.    The balance of the equities tips toward the issuance of an injunction.

418.    The public interest would not be disserved by a permanent injunction.

## TWENTY-THIRD CLAIM FOR RELIEF

(For Specific Enforcement of the Equal Treatment Provision of the DE0002466208 Offering
Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

419.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
through 418 herein.

420.    The Republic has engaged in a course of conduct violative of the Equal
Treatment Provision of the DE0002466208 Offering Circular.

421.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a
new series of bonds with payment obligations that rank higher than those held by Plaintiff and
other Non-tendering Bondholders in violation of the Equal Treatment Provision of the
DE0002466208 Offering Circular.

422.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the
BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the
Equal Treatment Provision of the DE0002466208 Offering Circular.

423.    The Republic's past payment of interest to the holders of the BONAR
2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the
Equal Treatment Provision of the DE0002466208 Offering Circular.

424.    The Republic's continuing payments of interest to the holders of the
BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the
Equal Treatment Provision of the DE0002466208 Offering Circular.

425.    Plaintiff has suffered irreparable injury from the Republic's violation of
the Equal Treatment Provision of the DE0002466208 Offering Circular and will continue to
suffer such injury unless this Court specifically enforces that Provision with a mandatory
injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders

of the BONAR 2024 Bonds.

426.   Remedies available at law are inadequate to compensate for such injury.

427.   Plaintiff has performed its part of the contract with the Republic.

428.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002466208 Offering Circular.

429.   The balance of the equities tips toward the issuance of an injunction.

430.   The public interest would not be disserved by a permanent injunction.

## TWENTY-FOURTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002466208 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

431.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 430 herein.

432.   The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002466208 Offering Circular.

433.   Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0002466208 Offering Circular.

434.   The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002466208 Offering Circular.

435.   The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0002466208 Offering Circular.

436.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002466208 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

437.    Remedies available at law are inadequate to compensate for such injury.

438.    Plaintiff has performed its part of the contract with the Republic.

439.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002466208 Offering Circular.

440.    The balance of the equities tips toward the issuance of an injunction.

441.    The public interest would not be disserved by a permanent injunction.

### TWENTY-FIFTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0002483203 Bonds)

442.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 441 herein.

443.    The DE0002483203 Bonds are Bonds under the terms of the DE0002483203 Offering Circular.

444.    Pursuant to Section 10 of the Terms and Conditions of the Bonds of the DE0002483203 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0002483203 Bonds entitling Plaintiff to declare

the principal amount of the DE0002483203 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

445.    On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0002483203 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002483203 Offering Circular.

446.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0002483203 Bonds to Plaintiff.

447.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### TWENTY-SIXTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0002483203 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

448.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 447 herein.

449.    Pursuant to Section 9 of the Terms and Conditions of the Bonds annexed to the DE0002483203 Offering Circular (the "Equal Protection Provision of the DE0002483203 Offering Circular"), the Republic provided that the DE0002483203 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

450.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

451.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0002483203 Offering Circular.

452.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0002483203 Offering Circular.

453.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0002483203 Offering Circular.

454.    The bonds issued in the Exchanges are External Indebtedness.

455.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0002483203 Offering Circular.

456.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002483203 Offering Circular.

457.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002483203 Offering Circular.

458.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection

Provision of the DE0002483203 Offering Circular.

459.   The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0002483203 Offering Circular.

460.   Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0002483203 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

461.   In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

462.   Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

463.   Remedies available at law are inadequate to compensate for such injury.

464.   Plaintiff has performed its part of the contract with the Republic.

465.   The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0002483203 Offering Circular.

466.    The balance of the equities tips toward the issuance of an injunction.

467.    The public interest would not be disserved by a permanent injunction.

## TWENTY-SEVENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002483203 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

468.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 467 herein.

469.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002483203 Offering Circular.

470.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0002483203 Offering Circular.

471.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0002483203 Offering Circular.

472.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002483203 Offering Circular.

473.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the DE0002483203 Offering Circular.

474.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002483203 Offering Circular and will continue to

suffer such injury unless this Court specifically enforces that Provision with a mandatory

injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders

of the BONAR 2024 Bonds.

475.    Remedies available at law are inadequate to compensate for such injury.

476.    Plaintiff has performed its part of the contract with the Republic.

477.    The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provision of the DE0002483203 Offering Circular.

478.    The balance of the equities tips toward the issuance of an injunction.

479.    The public interest would not be disserved by a permanent injunction.

**TWENTY-EIGHTH CLAIM FOR RELIEF**
(For Specific Enforcement of the Equal Treatment Provision of the DE0002483203 Offering
Circular and for Injunctive Relief With Respect to All External Indebtedness)

480.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 479 herein.

481.    The Republic has engaged in a course of conduct violative of the Equal

Treatment Provision of the DE0002483203 Offering Circular.

482.    Upon information and belief, the Republic has issued and will issue in the

future External Indebtedness in violation of the Equal Treatment Provision of the

DE0002483203 Offering Circular.

483.    The Republic's past payments to the holders of External Indebtedness,

while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal

Treatment Provision of the DE0002483203 Offering Circular.

484.    The Republic's continuing payments to the holders of External

Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon

information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0002483203 Offering Circular.

485.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002483203 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

486.    Remedies available at law are inadequate to compensate for such injury.

487.    Plaintiff has performed its part of the contract with the Republic.

488.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002483203 Offering Circular.

489.    The balance of the equities tips toward the issuance of an injunction.

490.    The public interest would not be disserved by a permanent injunction.


### TWENTY-NINTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0002966900 Bonds)

491.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 490 herein.

492.    The DE0002966900 Bonds are Bonds under the terms of the DE0002966900 Offering Circular.

493.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002966900 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0002966900 Bonds entitling Plaintiff to declare the principal amount of the DE0002966900 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

494.    On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0002966900 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002966900 Offering Circular.

495.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0002966900 Bonds to Plaintiff.

496.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## THIRTIETH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0002966900 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

497.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 496 herein.

498.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0002966900 Offering Circular (the "Equal Protection Provision of the DE0002966900 Offering Circular"), the Republic provided that the DE0002966900 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all

74

times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

499.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

500.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0002966900 Offering Circular.

501.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0002966900 Offering Circular.

502.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0002966900 Offering Circular.

503.    The bonds issued in the Exchanges are External Indebtedness.

504.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0002966900 Offering Circular.

505.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002966900 Offering Circular.

506.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection

Provision of the DE0002966900 Offering Circular.

507.   The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0002966900 Offering Circular.

508.   The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0002966900 Offering Circular.

509.   Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0002966900 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

510.   In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id* at 4 ¶ 3.

511.   Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

512.   Remedies available at law are inadequate to compensate for such injury.

513.    Plaintiff has performed its part of the contract with the Republic.

514.    The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0002966900 Offering Circular.

515.    The balance of the equities tips toward the issuance of an injunction.

516.    The public interest would not be disserved by a permanent injunction.

### THIRTY-FIRST CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002966900 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

517.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 516 herein.

518.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002966900 Offering Circular.

519.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0002966900 Offering Circular.

520.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0002966900 Offering Circular.

521.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002966900 Offering Circular.

522.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the

Equal Treatment Provision of the DE0002966900 Offering Circular.

523.    Plaintiff has suffered irreparable injury from the Republic's violation of

the Equal Treatment Provision of the DE0002966900 Offering Circular and will continue to

suffer such injury unless this Court specifically enforces that Provision with a mandatory

injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders

of the BONAR 2024 Bonds.

524.    Remedies available at law are inadequate to compensate for such injury.

525.    Plaintiff has performed its part of the contract with the Republic.

526.    The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provision of the DE0002966900 Offering Circular.

527.    The balance of the equities tips toward the issuance of an injunction.

528.    The public interest would not be disserved by a permanent injunction.

### THIRTY-SECOND CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002966900 Offering
Circular and for Injunctive Relief With Respect to All External Indebtedness)

529.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 528 herein.

530.    The Republic has engaged in a course of conduct violative of the Equal

Treatment Provision of the DE0002966900 Offering Circular.

531.    Upon information and belief, the Republic has issued and will issue in the

future External Indebtedness in violation of the Equal Treatment Provision of the

DE0002966900 Offering Circular.

532.    The Republic's past payments to the holders of External Indebtedness,

while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal

Treatment Provision of the DE0002966900 Offering Circular.

533.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0002966900 Offering Circular.

534.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002966900 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

535.    Remedies available at law are inadequate to compensate for such injury.

536.    Plaintiff has performed its part of the contract with the Republic.

537.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002966900 Offering Circular.

538.    The balance of the equities tips toward the issuance of an injunction.

539.    The public interest would not be disserved by a permanent injunction.

### THIRTY-THIRD CLAIM FOR RELIEF
(For Breach of Contract on the DE0002998952 Bonds)

540.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 539 herein.

541.  The DE0002998952 Bonds are Bonds under the terms of the DE0002998952 Offering Circular.

542.  Pursuant to Section 8 of the Terms and Conditions of the Bonds of the DE0002998952 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0002998952 Bonds entitling Plaintiff to declare the principal amount of the DE0002998952 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

543.  On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0002998952 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0002998952 Offering Circular.

544.  Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0002998952 Bonds to Plaintiff.

545.  By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## THIRTY-FOURTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0002998952 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

546.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 545 herein.

547.  Pursuant to Section 7 of the Terms and Conditions of the Bonds annexed to the DE0002998952 Offering Circular (the "Equal Protection Provision of the DE0002998952

Offering Circular"), the Republic provided that the DE0002998952 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

548.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

549.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0002998952 Offering Circular.

550.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0002998952 Offering Circular.

551.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0002998952 Offering Circular.

552.    The bonds issued in the Exchanges are External Indebtedness.

553.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0002998952 Offering Circular.

554.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002998952 Offering Circular.

555.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0002998952 Offering Circular.

556.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0002998952 Offering Circular.

557.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0002998952 Offering Circular.

558.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0002998952 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

559.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

560.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment

case.

561.    Remedies available at law are inadequate to compensate for such injury.

562.    Plaintiff has performed its part of the contract with the Republic.

563.    The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0002998952 Offering Circular.

564.    The balance of the equities tips toward the issuance of an injunction.

565.    The public interest would not be disserved by a permanent injunction.

### THIRTY-FIFTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002998952 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

566.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 565 herein.

567.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002998952 Offering Circular.

568.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0002998952 Offering Circular.

569.    The BONAR 2024 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0002998952 Offering Circular.

570.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002998952 Offering Circular.

571.   The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the DE0002998952 Offering Circular.

572.   Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002998952 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

573.   Remedies available at law are inadequate to compensate for such injury.

574.   Plaintiff has performed its part of the contract with the Republic.

575.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002998952 Offering Circular.

576.   The balance of the equities tips toward the issuance of an injunction.

577.   The public interest would not be disserved by a permanent injunction.

### THIRTY-SIXTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0002998952 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

578.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 577 herein.

579.   The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0002998952 Offering Circular.

580.   Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0002998952 Offering Circular.

581.    The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0002998952 Offering Circular.

582.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0002998952 Offering Circular.

583.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0002998952 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

584.    Remedies available at law are inadequate to compensate for such injury.

585.    Plaintiff has performed its part of the contract with the Republic.

586.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0002998952 Offering Circular.

587.    The balance of the equities tips toward the issuance of an injunction.

588.    The public interest would not be disserved by a permanent injunction.

## THIRTY-SEVENTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0003089850 Bonds)

589.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 588 herein.

590.    The DE0003089850 Bonds are Bonds under the terms of the DE0003089850 Offering Circular.

591.    Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003089850 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0003089850 Bonds entitling Plaintiff to declare the principal amount of the DE0003089850 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

592.    On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0003089850 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0003089850 Offering Circular.

593.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0003089850 Bonds to Plaintiff.

594.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## THIRTY-EIGHTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0003089850 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

595.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 594 herein.

596.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0003089850 Offering Circular (the "Equal Protection Provision of the DE0003089850 Offering Circular"), the Republic provided that the DE0003089850 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

597.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

598.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0003089850 Offering Circular.

599.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0003089850 Offering Circular.

600.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0003089850 Offering Circular.

601.   The bonds issued in the Exchanges are External Indebtedness.

602.   The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0003089850 Offering Circular.

603.   The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003089850 Offering Circular.

604.   The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003089850 Offering Circular.

605.   The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0003089850 Offering Circular.

606.   The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0003089850 Offering Circular.

607.   Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0003089850 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

608.   In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

609.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

610.    Remedies available at law are inadequate to compensate for such injury.

611.    Plaintiff has performed its part of the contract with the Republic.

612.    The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0003089850 Offering Circular.

613.    The balance of the equities tips toward the issuance of an injunction.

614.    The public interest would not be disserved by a permanent injunction.

### THIRTY-NINTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0003089850 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

615.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 614 herein.

616.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0003089850 Offering Circular.

617.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0003089850 Offering Circular.

618.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0003089850 Offering Circular.

619.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0003089850 Offering Circular.

620.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the DE0003089850 Offering Circular.

621.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0003089850 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

622.    Remedies available at law are inadequate to compensate for such injury.

623.    Plaintiff has performed its part of the contract with the Republic.

624.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0003089850 Offering Circular.

625.    The balance of the equities tips toward the issuance of an injunction.

626.    The public interest would not be disserved by a permanent injunction.

## FORTIETH CLAIM FOR RELIEF

(For Specific Enforcement of the Equal Treatment Provision of the DE0003089850 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

627.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 626 herein.

628.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0003089850 Offering Circular.

629.    Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0003089850 Offering Circular.

630.    The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0003089850 Offering Circular.

631.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0003089850 Offering Circular.

632.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0003089850 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after

entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any

BONAR 2024 Bonds or other Replacement Obligations).

633.   Remedies available at law are inadequate to compensate for such injury.

634.   Plaintiff has performed its part of the contract with the Republic.

635.   The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provision of the DE0003089850 Offering Circular.

636.   The balance of the equities tips toward the issuance of an injunction.

637.   The public interest would not be disserved by a permanent injunction.

### FORTY-FIRST CLAIM FOR RELIEF
(For Breach of Contract on the DE0003527966 Bonds)

638.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 637 herein.

639.   The DE0003527966 Bonds are Bonds under the terms of the

DE0003527966 Offering Circular.

640.   Pursuant to Section 9 of the Terms and Conditions of the Bonds of the

DE0003527966 Offering Circular, the declaration of a moratorium and the nonpayment of

interest constitute Events of Default on the DE0003527966 Bonds entitling Plaintiff to declare

the principal amount of the DE0003527966 Bonds it holds, together with any accrued and unpaid

interest, to be due and payable immediately.

641.   On or about May 13, 2016, Plaintiff advised the Republic, by written

notice to the Republic's Principal Paying Agent, that they were declaring the entire principal

amount of the DE0003527966 Bonds held by Plaintiff, together with any accrued and unpaid

interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of

the Bonds of the DE0003527966 Offering Circular.

642.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0003527966 Bonds to Plaintiff.

643.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## FORTY-SECOND CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0003527966 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

644.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 643 herein.

645.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0003527966 Offering Circular (the "Equal Protection Provision of the DE0003527966 Offering Circular"), the Republic provided that the DE0003527966 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

646.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

647.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0003527966 Offering Circular.

648.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0003527966

Offering Circular.

649.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0003527966 Offering Circular.

650.    The bonds issued in the Exchanges are External Indebtedness.

651.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0003527966 Offering Circular.

652.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003527966 Offering Circular.

653.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0003527966 Offering Circular.

654.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0003527966 Offering Circular.

655.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0003527966 Offering Circular.

656.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0003527966 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory

injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

657.     In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

658.     Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

659.     Remedies available at law are inadequate to compensate for such injury.

660.     Plaintiff has performed its part of the contract with the Republic.

661.     The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0003527966 Offering Circular.

662.     The balance of the equities tips toward the issuance of an injunction.

663.     The public interest would not be disserved by a permanent injunction.

## FORTY-THIRD CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0003527966 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

664.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 663 herein.

665.     The Republic has engaged in a course of conduct violative of the Equal

Treatment Provision of the DE0003527966 Offering Circular.

666.   Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0003527966 Offering Circular.

667.   The BONAR 2024 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0003527966 Offering Circular.

668.   The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0003527966 Offering Circular.

669.   The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the DE0003527966 Offering Circular.

670.   Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0003527966 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

671.   Remedies available at law are inadequate to compensate for such injury.

672.   Plaintiff has performed its part of the contract with the Republic.

673.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0003527966 Offering Circular.

674.    The balance of the equities tips toward the issuance of an injunction.

675.    The public interest would not be disserved by a permanent injunction.

**FORTY-FOURTH CLAIM FOR RELIEF**
(For Specific Enforcement of the Equal Treatment Provision of the DE0003527966 Offering
Circular and for Injunctive Relief With Respect to All External Indebtedness)

676.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
through 675 herein.

677.    The Republic has engaged in a course of conduct violative of the Equal
Treatment Provision of the DE0003527966 Offering Circular.

678.    Upon information and belief, the Republic has issued and will issue in the
future External Indebtedness in violation of the Equal Treatment Provision of the
DE0003527966 Offering Circular.

679.    The Republic's past payments to the holders of External Indebtedness,
while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal
Treatment Provision of the DE0003527966 Offering Circular.

680.    The Republic's continuing payments to the holders of External
Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon
information and belief the Republic will issue in the future, will be a continuing violation of the
Equal Treatment Provision of the DE0003527966 Offering Circular.

681.    Plaintiff has suffered irreparable injury from the Republic's violation of
the Equal Treatment Provision of the DE0003527966 Offering Circular and will continue to
suffer such injury unless this Court specifically enforces that Provision with a mandatory
injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the
External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN

ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

682.     Remedies available at law are inadequate to compensate for such injury.

683.     Plaintiff has performed its part of the contract with the Republic.

684.     The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0003527966 Offering Circular.

685.     The balance of the equities tips toward the issuance of an injunction.

686.     The public interest would not be disserved by a permanent injunction.

### FORTY-FIFTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0004500558 Bonds)

687.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 686 herein.

688.     The DE0004500558 Bonds are Bonds under the terms of the DE0004500558 Offering Circular.

689.     Pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0004500558 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0004500558 Bonds entitling Plaintiff to declare the principal amount of the DE0004500558 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

690.     On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0004500558 Bonds held by Plaintiff, together with any accrued and unpaid

interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0004500558 Offering Circular.

691.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0004500558 Bonds to Plaintiff.

692.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FORTY-SIXTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0004500558 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

693.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 692 herein.

694.    Pursuant to Section 8 of the Terms and Conditions of the Bonds annexed to the DE0004500558 Offering Circular (the "Equal Protection Provision of the DE0004500558 Offering Circular"), the Republic provided that the DE0004500558 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

695.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

696.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0004500558 Offering Circular.

697.    Through the passage of Law 26,017, the Republic issued a new series of

bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0004500558 Offering Circular.

698.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0004500558 Offering Circular.

699.    The bonds issued in the Exchanges are External Indebtedness.

700.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0004500558 Offering Circular.

701.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0004500558 Offering Circular.

702.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0004500558 Offering Circular.

703.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0004500558 Offering Circular.

704.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0004500558 Offering Circular.

705.    Plaintiff has suffered irreparable injury from the Republic's violation of

the Equal Protection Provision of the DE0004500558 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

706.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

707.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

708.    Remedies available at law are inadequate to compensate for such injury.

709.    Plaintiff has performed its part of the contract with the Republic.

710.    The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0004500558 Offering Circular.

711.    The balance of the equities tips toward the issuance of an injunction.

712.    The public interest would not be disserved by a permanent injunction.

## FORTY-SEVENTH CLAIM FOR RELIEF

(For Specific Enforcement of the Equal Treatment Provision of the DE0004500558 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

713.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 712 herein.

714.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0004500558 Offering Circular.

715.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0004500558 Offering Circular.

716.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0004500558 Offering Circular.

717.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0004500558 Offering Circular.

718.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the DE0004500558 Offering Circular.

719.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0004500558 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders

of the BONAR 2024 Bonds.

720.   Remedies available at law are inadequate to compensate for such injury.

721.   Plaintiff has performed its part of the contract with the Republic.

722.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0004500558 Offering Circular.

723.   The balance of the equities tips toward the issuance of an injunction.

724.   The public interest would not be disserved by a permanent injunction.

### FORTY-EIGHTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0004500558 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

725.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 724 herein.

726.   The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0004500558 Offering Circular.

727.   Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0004500558 Offering Circular.

728.   The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0004500558 Offering Circular.

729.   The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0004500558 Offering Circular.

103

730.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0004500558 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

731.    Remedies available at law are inadequate to compensate for such injury.

732.    Plaintiff has performed its part of the contract with the Republic.

733.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0004500558 Offering Circular.

734.    The balance of the equities tips toward the issuance of an injunction.

735.    The public interest would not be disserved by a permanent injunction.

### FORTY-NINTH CLAIM FOR RELIEF
(For Breach of Contract on the DE0004509005 Bonds)

736.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 735 herein.

737.    The DE0004509005 Bonds are Bonds under the terms of the DE0004509005 Offering Circular.

738.    Pursuant to Section 8 of the Terms and Conditions of the Bonds of the DE0004509005 Offering Circular, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the DE0004509005 Bonds entitling Plaintiff to declare

the principal amount of the DE0004509005 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

739.    On or about May 13, 2016, Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that they were declaring the entire principal amount of the DE0004509005 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the Terms and Conditions of the Bonds of the DE0004509005 Offering Circular.

740.    Despite the notice, the Republic has failed to make any payments of principal or interest on the DE0004509005 Bonds to Plaintiff.

741.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FIFTIETH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the DE0004509005 Offering Circular and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

742.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 741 herein.

743.    Pursuant to Section 7 of the Terms and Conditions of the Bonds annexed to the DE0004509005 Offering Circular (the "Equal Protection Provision of the DE0004509005 Offering Circular"), the Republic provided that the DE0004509005 Bonds would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall . . . at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness."

744.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

745.    The Republic has engaged in a course of conduct violative of the Equal Protection Provision of the DE0004509005 Offering Circular.

746.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provision of the DE0004509005 Offering Circular.

747.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of Equal Protection Provision of the DE0004509005 Offering Circular.

748.    The bonds issued in the Exchanges are External Indebtedness.

749.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Protection Provision of the DE0004509005 Offering Circular.

750.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0004509005 Offering Circular.

751.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Protection Provision of the DE0004509005 Offering Circular.

752.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection

Provision of the DE0004509005 Offering Circular.

753.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Protection Provision of the DE0004509005 Offering Circular.

754.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Protection Provision of the DE0004509005 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

755.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

756.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

757.    Remedies available at law are inadequate to compensate for such injury.

758.    Plaintiff has performed its part of the contract with the Republic.

759.    The Republic is capable of performing its obligations pursuant to the Equal Protection Provision of the DE0004509005 Offering Circular.

760. The balance of the equities tips toward the issuance of an injunction.

761. The public interest would not be disserved by a permanent injunction.

### FIFTY-FIRST CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0004509005 Offering Circular and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

762. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 761 herein.

763. The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0004509005 Offering Circular.

764. Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the DE0004509005 Offering Circular.

765. The BONAR 2024 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the DE0004509005 Offering Circular.

766. The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0004509005 Offering Circular.

767. The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the DE0004509005 Offering Circular.

768. Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0004509005 Offering Circular and will continue to

suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds.

769.   Remedies available at law are inadequate to compensate for such injury.

770.   Plaintiff has performed its part of the contract with the Republic.

771.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0004509005 Offering Circular.

772.   The balance of the equities tips toward the issuance of an injunction.

773.   The public interest would not be disserved by a permanent injunction.

### FIFTY-SECOND CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provision of the DE0004509005 Offering Circular and for Injunctive Relief With Respect to All External Indebtedness)

774.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 773 herein.

775.   The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the DE0004509005 Offering Circular.

776.   Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the Equal Treatment Provision of the DE0004509005 Offering Circular.

777.   The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the DE0004509005 Offering Circular.

778.   The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon

information and belief the Republic will issue in the future, will be a continuing violation of the Equal Treatment Provision of the DE0004509005 Offering Circular.

779.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the DE0004509005 Offering Circular and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

780.    Remedies available at law are inadequate to compensate for such injury.

781.    Plaintiff has performed its part of the contract with the Republic.

782.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the DE0004509005 Offering Circular.

783.    The balance of the equities tips toward the issuance of an injunction.

784.    The public interest would not be disserved by a permanent injunction.

### FIFTY-THIRD CLAIM FOR RELIEF
(For Breach of Contract on the XS0080809253 Bonds)

785.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 784 herein.

786.    The XS0080809253 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

787.    Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms

and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0080809253 Bonds entitling the Trustee to declare the principal amount of the XS0080809253 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

788. On or about May 13, 2016, Plaintiff requested that the Trustee declare the entire principal amount of the XS0080809253 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

789. Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0080809253 Bonds to the Plaintiff.

790. By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## FIFTY-FOURTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0089277825 Bonds)

791. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 790 herein.

792. The XS0089277825 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

793. Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0089277825 Bonds entitling the Trustee to declare the principal amount of the XS0089277825 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

794. On or about May 13, 2016, Plaintiff requested that the Trustee declare the

entire principal amount of the XS0089277825 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

795.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0089277825 Bonds to the Plaintiff.

796.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## FIFTY-FIFTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0096960751 Bonds)

797.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 796 herein.

798.    The XS0096960751 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

799.    Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0096960751 Bonds entitling the Trustee to declare the principal amount of the XS0096960751 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

800.    On or about May 13, 2016, Plaintiff requested that the Trustee declare the entire principal amount of the XS0096960751 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

801.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0096960751 Bonds to the Plaintiff.

802.    By reason of the foregoing, the Republic has breached its contractual

obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FIFTY-SIXTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0098314874 Bonds)

803.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 802 herein.

804.    The XS0098314874 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

805.    Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0098314874 Bonds entitling the Trustee to declare the principal amount of the XS0098314874 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

806.    On or about May 13, 2016, Plaintiff requested that the Trustee declare the entire principal amount of the XS0098314874 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

807.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0098314874 Bonds to the Plaintiff.

808.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FIFTY-SEVENTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0103457585 Bonds)

809.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 808 herein.

810.    The XS0103457585 Bonds are Notes under the terms of the 1993 Trust
Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

811.    Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms
and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest
constitute Events of Default on the XS0103457585 Bonds entitling the Trustee to declare the
principal amount of the XS0103457585 Bonds it holds, together with any accrued and unpaid
interest, to be due and payable immediately.

812.    On or about May 13, 2016, Plaintiff requested that the Trustee declare the
entire principal amount of the XS0103457585 Bonds held by Plaintiff, together with any accrued
and unpaid interest, to be immediately due and payable.

813.    Despite the notice, the Republic has failed to make any payments of
principal or interest on the XS0103457585 Bonds to the Plaintiff.

814.    By reason of the foregoing, the Republic has breached its contractual
obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be
determined at trial, plus interest.

**FIFTY-EIGHTH CLAIM FOR RELIEF**
(For Breach of Contract on the XS0105224470 Bonds)

815.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
through 814 herein.

816.    The XS0105224470 Bonds are Notes under the terms of the 1993 Trust
Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

817.    Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms
and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest

114

constitute Events of Default on the XS0105224470 Bonds entitling the Trustee to declare the principal amount of the XS0105224470 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

818. On or about May 13, 2016, Plaintiff requested that the Trustee declare the entire principal amount of the XS0105224470 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

819. Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0105224470 Bonds to the Plaintiff.

820. By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## FIFTY-NINTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0105694789 Bonds)

821. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 820 herein.

822. The XS0105694789 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

823. Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0105694789 Bonds entitling the Trustee to declare the principal amount of the XS0105694789 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

824. On or about May 13, 2016, Plaintiff requested that the Trustee declare the entire principal amount of the XS0105694789 Bonds held by Plaintiff, together with any accrued

and unpaid interest, to be immediately due and payable.

825.   Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0105694789 Bonds to the Plaintiff.

826.   By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## SIXTIETH CLAIM FOR RELIEF
(For Breach of Contract on the XS0109203298 Bonds)

827.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 826 herein.

828.   The XS0109203298 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

829.   Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0109203298 Bonds entitling the Trustee to declare the principal amount of the XS0109203298 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

830.   On or about May 13, 2016, Plaintiff requested that the Trustee declare the entire principal amount of the XS0109203298 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

831.   Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0109203298 Bonds to the Plaintiff.

832.   By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be

determined at trial, plus interest.

### SIXTY-FIRST CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment
Provision of the 1993 Trust and for
Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

833.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 832 herein.

834.    Pursuant to Section 5.1 of the Trust Deed, the Republic provided that

"[a]ll moneys received by the Trustee in respect of the Notes or amounts payable under this Trust

Deed will, despite any appropriation of all or part of them by the Republic, be held by the

Trustee on trust to apply them ...  in payment of any amounts owing in respect of the Notes or

Coupons pari passu and rateably..."

835.    Pursuant to Section 3 of the Terms and Conditions of the Notes (together

with Section 5.1 of the Trust Deed, the "Equal Protection Provisions of the Trust Deed and

Terms and Conditions"), the Republic provided that its bonds issued pursuant to the Trust Deed

would constitute "direct, unconditional, unsecured and unsubordinated obligations of the

Republic and shall at all times rank pari passu and without any preference among themselves. ...

The payment obligations of the Republic under the Notes and the Coupons shall ... at all times

rank at least equally with all its other present and future unsecured and unsubordinated External

Indebtedness..."

836.    The Republic, therefore, may not make any payment on its 2005 and 2010

Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

837.    The Republic has engaged in a course of conduct violative of the Equal

Protection Provisions of the Trust Deed and Terms and Conditions.

838.    Through the passage of Law 26,017, the Republic issued a new series of

bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Protection Provisions of the Trust Deed and Terms and Conditions.

839.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

840.    The bonds issued in the Exchanges are External Indebtedness.

841.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

842.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

843.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

844.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

845.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

846.    Plaintiff has suffered irreparable injury from the Republic's violation of

the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and will continue to

suffer such injury unless this Court specifically enforces that Provisions with a mandatory

injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or

2010 Bondholders.

847.    In its December 7, 2011 Order in the NML pre-judgment actions, this

Court specifically held that the Republic's Equal Treatment obligations under the FAA applied

to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the
> Republic's payment obligations on the bonds include its payment
> obligations to bondholders who have brought actions to recover on
> their defaulted bonds, and on judgments entered pursuant to
> judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

848.    The Equal Treatment Provision of the FAA is virtually identical to the

Equal Treatment Provision of the Terms and Conditions.

849.    Therefore, relief identical to that granted in the pre-judgment cases in

NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment

case.

850.    Remedies available at law are inadequate to compensate for such injury.

851.    Plaintiff has performed its part of the contract with the Republic.

852.    The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provisions of the 1993 Trust Deed and Terms and Conditions.

853.    The balance of the equities tips toward the issuance of an injunction.

854.    The public interest would not be disserved by a permanent injunction.

## SIXTY-SECOND CLAIM FOR RELIEF

(For Specific Enforcement of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

855.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 854 herein.

856.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

857.    Through the issuance of the BONAR 2024 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

858.    The BONAR 2024 Bonds are External Indebtedness.  The issuance of the BONAR 2024 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

859.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

860.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

861.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory

injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders

of the BONAR 2024 Bonds.

862.    Remedies available at law are inadequate to compensate for such injury.

863.    Plaintiff has performed its part of the contract with the Republic.

864.    The Republic is capable of performing its obligations pursuant to the

Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

865.    The balance of the equities tips toward the issuance of an injunction.

866.    The public interest would not be disserved by a permanent injunction.

## SIXTY-THIRD CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provisions of the Trust Deed and Terms and
Conditions and for Injunctive Relief With Respect to All External Indebtedness)

867.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 866 herein.

868.    The Republic has engaged in a course of conduct violative of the Equal

Treatment Provisions of the Trust Deed and Terms and Conditions.

869.    Upon information and belief, the Republic has issued and will issue in the

future External Indebtedness in violation of the Equal Treatment Provisions of the Trust Deed

and Terms and Conditions.

870.    The Republic's past payments to the holders of External Indebtedness,

while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal

Treatment Provisions of the Trust Deed and Terms and Conditions.

871.    The Republic's continuing payments to the holders of External

Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon

information and belief the Republic will issue in the future, will be a continuing violation of the

Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

872.    Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the Trust Deed and Terms and Conditions and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

873.    Remedies available at law are inadequate to compensate for such injury.

874.    Plaintiff has performed its part of the contract with the Republic.

875.    The Republic is capable of performing its obligations pursuant to the Equal Treatment Provisions of the Trust Deed and Terms and Conditions.

876.    The balance of the equities tips toward the issuance of an injunction.

877.    The public interest would not be disserved by a permanent injunction.

### SIXTY-FOURTH CLAIM FOR RELIEF
(For Declaratory Judgment)

878.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 877 herein.

879.    Plaintiff has entered into one or more binding settlement contracts with the Republic as memorialized in the Settlement Agreements.

880.    The Republic has failed to acknowledge the Settlement Agreements.

881.    As a result of the Republic's actions, Plaintiff is entitles to a judgment

pursuant to 28 U.S.C. § 2201 declaring that the Settlement Agreements are binding contracts and that the Settlement Agreements are entitled to full force and effect.

882. Plaintiff is also entitled to a judgment pursuant to 28 U.S.C. § 2201 declaring that because Plaintiff "entered into agreements in principle with the Republic on or before February 29, 2016," the Republic must make payment in accordance with the specific terms of the February 22, 2016 Settlement Agreement as a condition precedent to vacature of the Injunctions under the terms of the March 2, 2016 Order.

### SIXTY-FIFTH FOR RELIEF
(For Injunctive Relief)

883. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 882 herein.

884. Pursuant to the March 2 Order, "[f]or all plaintiffs that entered into agreements in principle with the Republic on or before February 29, 2016, the Republic must make full payment in accordance with the specific terms of each such agreement. The Republic must also notify the court once those plaintiffs have all received full payment."

885. The February 22, 2016 Settlement Agreement is an "agreement[ ] in principle [entered into] with the Republic on or before February 29, 2016."

886. Under the terms of the March 2 Order, the Injunctions may not be lifted until the Republic makes full payment in accordance with the "specific terms" of the Settlement Agreements.

887. Under the terms of the March 2 Order, the Injunctions may not be lifted until the Republic notifies the District Court that all plaintiffs have received full payment under the Settlement Agreements.

888. The Republic has failed to recognize the February 22, 2016 Settlement

Agreement.

889.    Plaintiff is and will be irreparably harmed absent the relief requested.

890.    Remedies available at law are inadequate to compensate for injuries alleged in this Claim for Relief.

891.    The Republic is capable of performing its obligations pursuant to the February 22, 2016 Settlement Agreement.

892.    The balance of equities tips toward the issuance of an injunction enjoining the Republic from submitting any notification to the District Court that all plaintiffs have received full payment under "agreements in principle [entered into] with the Republic on or before February 29, 2016" without first having made full payment in accordance with the specific terms of the February 22, 2016 Settlement Agreement with Plaintiffs.

893.    The public interest will be served by entry of the injunctive relief prayed for in this Complaint.

> i.    On Count One, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;
>
> ii.   On Count Two, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;
>
> iii.  On Count Three, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;
>
> iv.   On Count Four, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;
>
> v.    On Count Five, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

vi.  On Count Six, awarding an Order specifically enforcing the Equal Treatment Provision of the 1994 FAA, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

vii.  On Count Seven, awarding an Order specifically enforcing the Equal Treatment Provision of the 1994 FAA, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

viii.  On Count Eight, awarding an Order specifically enforcing the Equal Treatment Provision of the 1994 FAA, by requiring ratable payment to v whenever the Republic makes payments on all External Indebtedness;

ix.  On Count Nine, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

x.  On Count Ten, awarding an Order specifically enforcing the Equal Treatment Provision of the 1993 FAA, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xi.  On Count Eleven, awarding an Order specifically enforcing the Equal Treatment Provision of the 1993 FAA, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xii.  On Count Twelve, awarding an Order specifically enforcing the Equal Treatment Provision of the 1993 FAA, by requiring ratable payment to v

whenever the Republic makes payments on all External Indebtedness;

xiii.   On Count Thirteen, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xiv.   On Count Fourteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0001319507 Prospectus, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xv.   On Count Fifteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0001319507 Prospectus, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xvi.   On Count Sixteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0001319507 Prospectus, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xvii.   On Count Seventeen, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xviii.   On Count Eighteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0001974608 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xix.   On Count Nineteen, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0001974608 Offering Circular, by requiring

ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xx.   On Count Twenty, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0001974608 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xxi.   On Count Twenty-One, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xxii.   On Count Twenty-Two, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002466208 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xxiii.   On Count Twenty-Three, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002466208 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xxiv.   On Count Twenty-Four, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002466208 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xxv.   On Count Twenty-Five, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xxvi.   On Count Twenty-Six, awarding an Order specifically enforcing the Equal

Treatment Provision of the DE0002483203 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xxvii. On Count Twenty-Seven, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002483203 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xxviii. On Count Twenty-Eight, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002483203 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xxix. On Count Twenty-Nine, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xxx. On Count Thirty, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002966900 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xxxi. On Count Thirty-One, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002966900 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xxxii. On Count Thirty-Two, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002966900 Offering Circular, by requiring

ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xxxiii.  On Count Thirty-Three, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xxxiv.  On Count Thirty-Four, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002998952 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xxxv.  On Count Thirty-Five, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002998952 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xxxvi.  On Count Thirty-Six, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0002998952 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xxxvii.  On Count Thirty-Seven, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xxxviii.  On Count Thirty-Eight, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003089850 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xxxix.  On Count Thirty-Nine, awarding an Order specifically enforcing the Equal

Treatment Provision of the DE0003089850 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xl.    On Count Forty, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003089850 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xli.    On Count Forty-One, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xlii.    On Count Forty-Two, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003527966 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xliii.    On Count Forty-Three, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003527966 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xliv.    On Count Forty-Four, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0003527966 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xlv.    On Count Forty-Five, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xlvi.     On Count Forty-Six, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0004500558 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xlvii.    On Count Forty-Seven, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0004500558 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

xlviii.   On Count Forty-Eight, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0004500558 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

xlix.     On Count Forty-Nine, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

l.        On Count Fifty, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0004509005 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

li.       On Count Fifty-One, awarding an Order specifically enforcing the Equal Treatment Provision of the DE0004509005 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

lii.      On Count Fifty-Two, awarding an Order specifically enforcing the Equal

Treatment Provision of the DE0004509005 Offering Circular, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

liii.   On Count Fifty-Three, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

liv.   On Count Fifty-Four, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

lv.   On Count Fifty-Five, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

lvi.   On Count Fifty-Six, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

lvii.   On Count Fifty-Seven, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

lviii.   On Count Fifty-Eight, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

lix.   On Count Fifty-Nine, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

lx.   On Count Sixty, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

lxi.   On Count Sixty-One, awarding an Order specifically enforcing the Equal Treatment Provisions of the Trust Deed and Terms and Conditions, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

lxii.    On Count Sixty-Two, awarding an Order specifically enforcing the Equal Treatment Provisions of the Trust Deed and Terms and Conditions, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds;

lxiii.    On Count Sixty-Three, awarding an Order specifically enforcing the Equal Treatment Provisions of the Trust Deed and Terms and Conditions, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all External Indebtedness;

lxiv.    On Count Sixty-Four, a determination and declaration that each of the Settlement Agreements is in full force and effect and is a binding contract between Plaintiff and the Republic.

lxv.    On County Sixty-Five, awarding an Order enjoining the Republic from submitting any notification to the District Court that all plaintiffs who entered into agreements in principle with the Republic on or before February 29, 2016 have received full payment without first having made full payment to Plaintiff in accordance with the specific terms of the February 22, 2016 Settlement Agreement.

lxvi.    Awarding Plaintiff its costs, attorneys' fees and such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
       May 18, 2016

                         **DUANE MORRIS LLP**

                         By: _____

                         Anthony J. Costantini
                         E-mail:ajcostantini@duanemorris.com
                         Suzan Jo

E-mail:sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020

*Attorneys for Plaintiff Cantor Fitzgerald & Co.*